Brooke S. Hammond, Bar No. 264305
bhammond@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone:   310.553.0308
Facsimile:   800.715.1330

Michael R. Minguet, Bar No. 204027
mminguet@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
Los Angeles, California 90071
Telephone:   213.443.4300
Facsimile:   800.715.1330

Attorneys for Defendant
TECHNICAL EDUCATION SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BIBB, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TECHNICAL EDUCATION SERVICES, INC., a Virginia Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:26-cv-1748<br><br>*[Removed from Alameda County Superior Court Case No. 25CV160325]*<br><br>**DEFENDANT TECHNICAL EDUCATION SERVICES, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. 1332(D) (CLASS ACTION FAIRNESS ACT OF 2005), 1441(B), AND 1446**<br><br>Trial Date:        None Set<br>Complaint Filed:   December 17, 2025 |

DEFT. 'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF JAMES BIBB AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendant TECHNICAL EDUCATION SERVICES, INC. ("Defendant") removes to this Court the state court action described herein.  Defendant removes the captioned action from the Superior Court of the State California for the County of Alameda.  Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. Sections 1332(d) (Class Action Fairness Act of 2005), 1441(b), and 1446 on the grounds stated below.

**I.      STATEMENT OF JURISDICTION**

1.      The Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

**II.      PLEADINGS, PROCESS, AND ORDERS**

2.      On December 17, 2025, Plaintiff James Bibb ("Plaintiff") filed a Class Action complaint against Defendant in the Superior Court for the State of California, County of Alameda, captioned: *JAMES BIBB, individually and on behalf of all others similar situated v. TECHNICAL EDUCATION SERVICE, INC. a Virginia Corporation; and DOES 1 to 50, inclusive*, County of Alameda Case Number 25CV160325 (hereinafter "Complaint").  Declaration of Brooke S. Hammond in Support of Defendant's Notice to Federal Court of Removal of Civil Action from State Court ("Hammond Decl.") ¶ 2, Exhibit 1, Complaint.  The Superior Court's docket for this matter also indicates that, on the same day, Plaintiff filed a Civil Case Cover Sheet (Complex) and Summons.  A true and correct copy of the Complaint, Civil Case Cover Sheet, and Summons are attached collectively hereto as Exhibit 1 to the Hammond Declaration filed concurrently herewith.  Hammond Decl. ¶ 2, Ex. 1.

3.      The Complaint asserts the following seven causes of action: (1) failure to pay wages

DEFT. 'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

including overtime as required by California Labor Code §§ 510 and 1194; (2) failure to provide meal periods as required by California Labor Code §§ 226.7, 512 and IWC Wage Orders; (3) failure to provide rest periods as required by California Labor Code §§ 226.7, 512; (4) failure to pay timely wages required by California Labor Code § 203; (5) failure to provide accurate itemized wage statements as required by California Labor Code § 226; (6) failure to indemnify necessary business expenses as required by California Labor Code § 2802; and (7) violation of Business & Professions Code § 17200, et seq.  Hammond Decl., ¶ 2, Ex. 1, Complaint at ¶¶ 51-96.

4.      The Superior Court of the State of California, County of Alameda's docket for this matter shows the following additional documents have been filed in relation to the Complaint: Notice of Case Management Conference filed December 17, 2025; Plaintiff's Peremptory Challenge Pursuant to California Civil Code Section 170.6 filed December 31, 2025; Notice of Case Reassignment filed January 2, 2026; Notice of Initial Case Management Conference filed January 5, 2026; Notice of Complex Determination Hearing filed January 5, 2026; Minutes re: Complex Determination Hearing dated January 28, 2026; Order re: Complex Determination Hearing dated January 28, 2026; and Proof of Service of Summons filed January 29, 2026.  A true and correct copy of each of the above-referenced documents is attached collectively to the Hammond Declaration as Exhibit 2.  Hammond Decl. ¶ 3, Ex. 2.

5.      On February 27, 2026, prior to filing this Notice of Removal, Defendant filed and served its Answer to Plaintiff's Complaint in the Superior Court of the State of California, County of Alameda.  A true and correct copy of the Answer is attached to the Hammond Declaration as Exhibit 3.  Hammond Decl. ¶ 4, Ex. 3.

6.      Pursuant to 28 U.S.C. §1446(d), Exhibits 1 through 3 accompanying the Hammond Declaration constitute all process, pleadings, and orders filed and/or served on Defendant or filed or received by Defendant in this action. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court of the State of California, County of Alameda, or served by any party.  Hammond Decl. ¶ 5.

III.    **TIMELINESS OF REMOVAL**

7.      An action may be removed from state court by filing a notice of removal, together with a

3

copy of all process, pleadings, and orders served on the Defendant, within 30 days of service on defendant of the initial pleading. See 28 U.S.C. § 1446(b); Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint).  Plaintiff served the Complaint on Defendant on January 28, 2026.  Hammond Decl., ¶ 3, Ex. 2 (Proof of Service of Summons).  Accordingly, removal of this action is timely.  28 U.S.C. § 1446(b).

## IV.   VENUE

8.     This action was filed in the Superior Court for the State of California, County of Alameda.  Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. Sections 84(a), 1391, and 1441, and 1446.

## V.   NOTICE OF REMOVAL

9.     Contemporaneous with the filing of this Notice of Removal in the United States District Court for the Northern District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record: James R. Hawkins, Gregory Mauro, Michael Calvo, Lauren Falk, and Ava Issary of James Hawkins APLC at 9880 Research Drive, Suite 200, Irvine, California 92618. Hammond Decl. ¶ 6.  In addition, a copy of Defendant's Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Alameda.  Id.

## VI.   REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT

10.     CAFA grants United States district courts original jurisdiction over: (a) civil class action lawsuits filed under federal or state law; (b) where the alleged class is comprised of at least 100 individuals; (c) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (d) where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. Section 1446. As set forth below, this case meets each CAFA requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

### A.   Plaintiff Filed A Class Action Under State Law

11.     Plaintiff filed his Complaint as a class action based on alleged violations of California state law and seeks certification under California Code of Civil Procedure Section 382.  Hammond

4

Decl., ¶ 2, Ex. 1, Complaint at ¶¶ 1, 10-20.

### B. The Putative Class Contains At Least 100 Members

12. 28 U.S.C. Section 1332(d)(5)(B) states that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." Here, Plaintiff alleges there are "at least 100 (one hundred) Class members." Hammond Decl., ¶ 2, Ex. 1, Complaint at ¶¶ 15.

13. Plaintiff proposes a class consisting of "[a]ll persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution." Hammond Decl. ¶ 2, Ex.1, Complaint at ¶ 10. Plaintiff also brings his class action on behalf of six separate "Sub-Classes" composed of categories of class members who are or were employed by Defendants. Hammond Decl. ¶ 2, Ex.1, Complaint at ¶ 11.

14. Based on a review of relevant and readily available records, the alleged class includes at least 114 hourly, non-exempt employees working in California between January 1, 2024, to the date of this Notice of Removal, which covers only a portion of the entire class period. Declaration of Jean Marie Sapounas in Support of Defendant's Removal of Civil Action to Federal Court ("Sapounas Decl.") at ¶ 3. Accordingly, Defendant's relevant records demonstrate there are well over 100 putative class members in this case. Id.

### C. Defendant Is Not A Government Entity

15. Under 28 U.S.C. Section 1332(d)(5)(A), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." Here, Defendant is a corporation, not a state, state official, or other government entity exempt from CAFA. Sapounas Decl. ¶ 4.

### D. Diversity Exists Between At Least One Class Member And One Defendant

16. It is well-settled that "CAFA confers jurisdiction on federal district courts over class actions when, among other things, 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" Ehrman v. Cox Commc'ns, Inc., 932 F.3d 1223, 1226 (9th Cir. 2019) (citation omitted). "Unlike the complete diversity of citizenship generally required by § 1332(a), therefore,

5

CAFA requires only "minimal diversity." Id., citing Bush v. Cheaptickets, Inc., 425 F.3d 683, 684 (9th Cir. 2005).

### 1.    Plaintiff is a Citizen of California

17.    For diversity purposes, a person is a "citizen" of the state in which he is domiciled. See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983); see also Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain).

18.    The Complaint alleges Plaintiff "was at all times relevant to this action, a resident of California." Hammond Decl., ¶ 2, Ex. 1, Complaint at ¶ 6.  The Complaint also states the "acts or omissions alleged herein took place in this County," referring to Alameda County.  Id. at ¶ 5.

19.    The foregoing is evidence of Plaintiff's physical presence and intent to remain in California.  Lew v. Moss, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); see also Smith v. Simmons, 2008 WL 744709 at *7 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).  Thus, Plaintiff has been and is domiciled in the United States in the State of California and has been and is a citizen of the United States and the State of California as of the date of the filing of his Complaint and the time of this Removal.  Plaintiff is therefore a citizen of California for purposes of the instant jurisdictional analysis.  See Kanter, 265 F.3d at 857 ("A person's domicile is her permanent home, where he resides with the intention to remain or to which he intends to return.").

20.    Defendant has thus established by a preponderance of the evidence that Plaintiff resides and is domiciled in California, and is, thus, a citizen of California. See Anderson v. Watts, 138 U.S. 694, 706 (1891)("The place where a person lives is taken to be his domicile until facts adduced establish the contrary.").

### 2.    Defendant is Not a Citizen of California

21.    For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers

direct, control, and coordinate the corporation's activities. The Hertz Corp. v. Friend, 130 S.Ct. 1181, 1192-94 (2010). A corporation's principal place of business will typically be where the corporation maintains its headquarters. Id. at 1193.

22. At the time Plaintiff filed his Complaint, Defendant was and still is a corporation organized and existing under the laws of the State of Virginia. Sapounas Decl. ¶ 4. Its corporate headquarters and principal place of business are located in Virginia Beach, Virginia, which is also where Defendant's executive and administrative functions and operations are primarily based, and its actual center of direction, control, and coordination for its operations. Id. Therefore, Defendant is a citizen of Virginia and not California.

23. Defendant Does 1 through 50 are fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants. Plaintiff has also not filed any additional pleadings regarding Does 1 through 50. Pursuant to section 1440(b)(1), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in the action. 28 U.S.C.A. § 1441(b)(1).

24. Based on the foregoing, because Plaintiff is a citizen of a state (California) different from Defendant (Virginia), diversity is established between Plaintiff and Defendant for purposes of CAFA jurisdiction. See 28 U.S.C. §§ 1332(d)(2)(A), 1453.

**E.    The Amount In Controversy Exceeds Five Million Dollars**

25. This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6).

26. The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court, in Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." The

DEFT. 'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

defendant's "amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. Id. at 553.

27. In determining the amount in controversy where the damages in the complaint are unstated, a "defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million." Ibarra v. Manheim Inv., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015). To meet such burden, a defendant may offer the declaration of a person knowledgeable regarding the facts and need not include corroborating documents, such as payroll records, to establish the amount in controversy. Avila v. Rue21, Inc., 432 F. Supp. 3d 1175, 1186 (E.D. Cal. 2020) (finding declaration without payroll records is not per se insufficient to support amount in controversy); see also Cavada v. Inter-Cont'l Hotels Grp., Inc., 2019 WL 5677846, at *2-9 (S.D. Cal. 2019) (declarations of the director of human resources, coupled with allegations in the complaint, found to be sufficient to demonstrate the amount in controversy exceeds $5 million); Andrade v. Beacon Sales Acquisition, Inc., 2019 WL 4855997, at *4 (C.D. Cal. Oct. 1, 2019) (holding "a declaration from a knowledgeable employee based on her analysis of regularly kept and created business records" to be sufficient to support calculations of damages for amount in controversy).

28. Plaintiff does not specifically state the amount of damage or penalties sought or in controversy.

29. Defendant denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff or the putative class members are entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of the putative class members establish, by a preponderance of evidence, that the amount in controversy well exceeds the jurisdictional minimum of $5,000,000. See Lewis v. Verizon Communs., Inc., 627 F.3d 395, 400 (9th Cir. 2010) (the "amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability"); see also Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1123 (9th Cir. Cal. 2013) (a defendant "may remove when it discovers, based on its own investigation, that a case is removable.").

30. For purposes of determining whether a defendant has satisfied the amount in controversy

DEFT. 'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

requirement, a court must presume that the plaintiff will prevail on his or her claims. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.") (citations omitted). The ultimate inquiry is what amount is put "in controversy" by plaintiff's complaint, not what defendant might actually owe. Rippee v. Boston Mkt. Corp., 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); Ibarra, 775 F.3d at 1198 n.1 (even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants are still free to challenge the actual amount of damages at trial because they are only estimating the amount in controversy).

31. Here, Plaintiff seeks to recover damages, penalties, and attorneys' fees for Defendant's purported (1) failure to pay wages including overtime as required by California Labor Code §§ 510 and 1194; (2) failure to provide meal periods as required by California Labor Code §§ 226.7, 512 and IWC Wage Orders; (3) failure to provide rest periods as required by California Labor Code §§ 226.7, 512; (4) failure to pay timely wages required by California Labor Code § 203; (5) failure to provide accurate itemized wage statements as required by California Labor Code § 226; (6) failure to indemnify necessary business expenses as required by California Labor Code § 2802; and (7) violation of Business & Professions Code § 17200, et seq. Hammond Decl., ¶ 2, Ex. 1, Complaint, at ¶¶ 51-96.

32. Plaintiff's claim for violation of Business and Professions Code Section 17200, et seq., may extend the statute of limitations for Plaintiff's claims for unpaid wages, meal and rest period violations, and unpaid business expense reimbursements from three to four years before the filing of the Complaint. In this case, the statute of limitations on these claims is extended to December 17, 2021. Cal. Bus. & Prof. Code § 17208; Cortez v. Purolater Air Filtration Products Co., 23 Cal.4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

33. Based on a review of the relevant and readily available business records, the alleged class includes at least 114 hourly, non-exempt employees working in California between January 1, 2024, and the date of this Notice of Removal, which covers only a portion of the four-year class period. Sapounas Decl. ¶ 3. Plaintiff's hourly rate during his employment was $38, and the putative class members' average hourly rate is $33.08. Id. Accordingly, the average hourly overtime rate for all putative class

9

members is $49.62. Id. Putative class members were and are paid on a bi-weekly basis. Id. As alleged by Plaintiff, putative class members were typically scheduled to work eight hours per day five days per week. Hammond Decl., ¶ 2, Ex. 1, Complaint at ¶ 25; Sapounas Decl. ¶ 3. Based on the relevant and available business records, Defendant estimates Plaintiff's claims place in excess of 23,712 workweeks in controversy during the class period. Sapounas Decl. ¶ 3.

34.    Plaintiff's allegations combined with the conservative calculations detailed below establish the amount in controversy on Plaintiffs claims to be **$$5,711,996.16** plus attorneys' fees of **$1,427,999.04**, for an overall amount in controversy of **$7,139,995.20.**

### 1.    Amount in Controversy: Meal Period Violations

35.    Plaintiff alleges in his second cause of action that Defendant "**frequently failed**" to provide Plaintiff and putative class members with timely, legally compliant, and uninterrupted first and second meal periods. Hammond Decl., ¶ 2, Ex. 1, Complaint at ¶¶ 30, 32, 61-67 (emphasis added). Moreover, Plaintiff alleges meal periods were "**normally**" provided late. Hammond Decl., ¶ 2, Ex. 1, Complaint at ¶ 31 (emphasis added). Further, Plaintiff alleges Defendant failed to pay him and putative class members the required one additional hour of pay at the regular rate for each meal period violation. Hammond Decl., ¶ 2, Ex. 1, Complaint at ¶¶ 37-38.

36.    California Labor Code Section 226.7(c) states "[i]f an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law . . . the employer shall pay the employee on additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period recovery period is not provided."

37.    Defendant denies the validity and merit of Plaintiff's meal period violation claim. However, for purposes of removal only, Defendant reasonably (and conservatively) assumes a 40% meal period violation rate, meaning putative class members suffered two meal period violations per workweek and are owed one hour of pay at the regular rate for each such violation. Thus, the amount in controversy for Plaintiff's meal period violation claim is at least **$1,568,785.92**, which is calculated in the following way: (23,712 workweeks x 2 meal period violations per workweek) x the average hourly pay rate of $33.08.

### 2.    Amount in Controversy: Rest Period Violations

38.    Plaintiff alleges in his third cause of action that Defendant "**systematically**" refused to authorize and permit Plaintiff and the putative class members to take legally compliant rest periods. Hammond Decl., ¶ 2, Ex. 1, Complaint at ¶¶ 39, 68-73 (emphasis added).  In addition, Plaintiff alleges Defendant "maintained and enforced scheduling practices, policies and imposed work demands that **frequently** required" Plaintiff and the putative class members to forego legally compliant rest periods. Hammond Decl., ¶ 2, Ex. 1, Complaint at ¶¶ 40 (emphasis added).  Further, Plaintiff alleges Defendant failed to pay him and putative class members the required one additional hour of pay at the regular rate for each workday in which a rest period violation occurred.  Hammond Decl., ¶ 2, Ex. 1, Complaint at ¶ 42.

39.    California Labor Code Section 226.7(c) states "[i]f an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law . . . the employer shall pay the employee on additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period recovery period is not provided."

40.    Defendant denies the validity and merit of Plaintiff's rest period violation claim. However, for purposes of removal only, Defendant reasonably (and conservatively) assumes a 40% rest period violation rate, meaning putative class members suffered a rest period violation on two workdays per workweek and are owed one hour of pay at the regular rate for each workday in which a rest period violation occurred.  Thus, the amount in controversy for Plaintiff's rest period violation claim is at least **$1,568,785.92**, which is calculated in the following way: (23,712 workweeks x 2 rest period violations per workweek) x the average hourly pay rate of $33.08.

### 3.    Amount in Controversy: Failure to Pay Wages

41.    Plaintiff's first cause of action for failure to pay wages alleges Defendant has "failed to accurately pay minimum and overtime" wages owed to Plaintiff and the putative class members in violation of Labor Code Sections 510, 558, and 1194.  Hammond Decl., Ex. 1, Complaint at ¶¶ 58-60. More specifically, Plaintiff asserts that he and the putative class members "**consistently**" worked overtime hours that were not paid.  Hammond Decl., Ex. 1, Complaint at ¶¶ 58 (emphasis added).

42.    When asserting claims for unpaid minimum wages under California Labor Code Section 1194, employees may also recover liquidated damages "in an amount equal to the wages unlawfully

DEFT. 'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

unpaid and interest thereon." Cal. Labor Code § 1194.2.

43. The Complaint does not allege how much minimum and/or overtime hour wages are owed to Plaintiff and other putative class members. For purposes of establishing the amount in controversy at removal, Defendant is not required to make Plaintiff's case for him, or prove the amount in controversy to a certainty. Rather, defendants can rely on "reasonable assumptions" and a "chain of reasoning that includes assumptions" based on reasonable grounds to calculate the amount in controversy. Anderson v. Starbucks Corp., 2020 WL 7779015, *3 (N.D. Cal. 2020); Herrera v. Carmax Auto Superstores California, LLC, 2014 WL 12586254, at *6 (C.D. Cal. 2014) ("Defendant cannot be expected to produce evidence of how often overtime violations may occur. Defendant must be entitled to monetize this claim with a reasonable and conservative estimate.").

44. While Defendant denies Plaintiff's allegations that he or members of the putative class are entitled to any relief, based on Plaintiff's allegations that Defendant "consistently" failed to pay minimum and overtime hour wages, Defendant conservatively applied an estimate of 30 minutes of unpaid straight time for 40% of the relevant workdays, meaning each putative class member was underpaid an hour of time per workweek. Accordingly, the amount in controversy for the minimum wage claim could well exceed **$1,568,785.92**, which is calculated in the following way: (23,712 workweeks x 2 unpaid straight time hours) x the average hourly straight time pay rate of $33.08.

**4.       Amount in Controversy: Failure to Pay Timely Wages**

45. Plaintiff's fourth cause of action asserts that Defendant violated California Labor Code Section 203. Specifically, Plaintiff alleges that Defendant "willfully failed and refused to pay Plaintiff and Class Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving" employment. Hammond Decl., Ex. 1, Complaint, at ¶ 77. Accordingly, Plaintiff alleges Defendant is liable to Plaintiff and the putative class members for waiting time penalties pursuant to Labor Code Section 203. Hammond Decl., ¶ 2, Ex. 1, Complaint at ¶ 78.

46. California Labor Code Section 203 states: "If an employer willfully fails to pay, without abatement or reduction...any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code

DEFT. 'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

§ 203.  The statute of limitations for Plaintiff's claim under this Section is three years.  See Cal. Code of Civ. Proc. 338.

47.    Here, Defendant reasonably assumes Plaintiff may recover the 30-day maximum penalty because Plaintiff asserts he is entitled up to the maximum penalty in his Complaint.  Hammond Decl., Ex. 1, Complaint, at ¶ 76; Avila v. Rue21, Inc., 432 F. Supp. 3d 1175, 1188 (E.D. Cal. 2020) (finding defendant need not produce evidence and reasonably assumed based on the allegations in complaint that plaintiff could obtain statutory penalty of maximum thirty days); citing Gonzalez v. Comenity Capital Bank, 2019 WL 5304924, at *5 (E.D. Cal. Oct. 21, 2019) (holding that the court may consider maximum statutory penalty because the plaintiff has specified and asked for the statutory maximum in the pleading) and Nunes v. Home Depot U.S.A., Inc., 2019 WL 4316903, at *3 (E.D. Cal. Sept. 12, 2019).

48.    Based on the relevant and readily available records, there are at least 52 putative class members whose employment terminated during the class time period.  Sapounas Decl. ¶ 3.  Thus, based on an eight-hour workday and the maximum thirty days allowed by statute, the amount in controversy on this claim is approximately **$412,838.40**, which is calculated in the following way: $33.08 average hourly rate x 8 hour workday x 30 days x 52 employees.

### 5.    Amount in Controversy: Failure to Provide Accurate Wage Statements

49.    Plaintiff's fifth cause of action alleges Defendant failed to record all or some of the items required to be delineated in wage statements pursuant to the applicable Industrial Wage Orders and Labor Code Section 226.  Hammond Decl., ¶, 2, Ex. 1, Complaint at ¶ 82.  Accordingly, Plaintiff alleges that he and the putative class members are entitled to recover up to a maximum of $4,000 each for these record keeping violations pursuant to Labor Code Section 226.  Hammond Decl., ¶, 2, Ex. 1, Complaint at ¶ 85.

50.    California Labor Code Section 226(e) provides that an employee who suffered injury as a result of their employer's failure to comply with 226(a), he or she is "entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each employee per violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars."  Cal. Lab. Code § 226 (e)(1).  The statutory

period for Labor Code § 226(e) penalties is one year. Cal. Code Civ. Proc. § 340.

51.    For purposes of removal, the amount in controversy on Plaintiff's fourth cause of action is estimated at **$456,000**, which is calculated in the following way: 114 putative class members during the relevant time period x $4,000 maximum penalty.

### 6.    Amount in Controversy: Failure to Indemnify Business Expenses

52.    Plaintiff's sixth cause of action alleges Defendant violated California Labor Code Section 2802 by failing to reimburse Plaintiff and putative class members for "protective gear necessary to carry out their job duties and the use of personal cell phones." Hammond Decl., ¶2, Ex. 1, Complaint at ¶ 88.

53.    Defendant reasonably assumes a $25 cell phone reimbursement fee for every month worked by employees. See, Vallejo v. Sterigenics U.S., LLC, 2021 WL 2685348, at *6 (S.D. Cal. 2021) (finding assumption of $25 per month cell phone expenses reasonable). Based on this assumption alone, the amount in controversy on this claim will exceed **$136,800**, which is calculated in the following way: $25 x 48 months in class period x 114 putative class members.

### 7.    Amount in Controversy: Attorneys' Fees

54.    In his Complaint, Plaintiff seeks reasonable attorneys' fees on his claims pursuant to Labor Code Sections 226, 510, 558, 1194, 2802, as well as Section 17200 of the Business & Professions Code. Hammond Decl., ¶2, Ex. 1, Complaint at ¶¶ 60, 67, 73, 90 and 96.

55.    It is well-settled that, "[w]here a statutory authority provides for attorney's fees, the fees are included in the amount in controversy to reach CAFA's $5,000,000." Galt v. Scandinavia, 142 F.3d 1150, 1156 (9th Cir.1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"). Further, the calculation of attorneys' fees is not limited to those incurred at the time of removal but includes future attorneys' fees at stake in the litigation. Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 794 (9th Cir. 2018) ("Accordingly, if the law entitles the plaintiff to future attorneys' fees if the action succeeds, then there is no question that future attorneys' fees are at stake in the litigation, and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy.") (citations, quotation marks, and brackets omitted).

56.    In California, it is not uncommon for an attorneys' fee award to be 25 to 33 percent of a

DEFT. 'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

settlement or judgment. See, McGuigan v. City of San Diego, 183 Cal. App. 4th 610, 638 (2010); Vasquez v. California, 45 Cal. 4th 243, 249 (2008); Amaral v. Cintas Corp. No. 2, 163 Cal. App. 4th 1157, 1216-1218 (2008); Shaw v. Toshiba Am. Info. Sys., Inc., 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000).

57.     The attorneys' fees benchmark in the Ninth Circuit is 25 percent. Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); Espinosa v. Genesis Healthcare, Inc., 2020 WL 10641865, at *4 (C.D. Cal. 2020) ("In the absence of countervailing evidence from Plaintiff, the preponderance of the evidence supports applying the 25% attorneys' fee benchmark for purposes of calculating the amount in controversy in this case.").

58.     Based on Plaintiff's allegations and as detailed herein, the amount in controversy for his claims totals **$5,711,996.16**. However, taking into account attorneys' fees at the benchmark percentage of 25 percent further increases the amount in controversy by **$1,427,999.04** for a total amount in controversy of **$7,139,995.20.**

59.     Removal of this action is therefore proper as the alleged class is comprised of at least 100 individuals, the parties are diverse, and the aggregate value of Plaintiff's causes of action is well in excess of the CAFA jurisdiction requirement of $5 million.  See 28 U.S.C. § 1332(d)(2).  Defendant provides the foregoing calculations only to demonstrate that the amount placed in controversy by Plaintiff's Complaint easily exceeds the amount in controversy requirement of the CAFA.  Defendant makes no admission of any liability or damages with respect to any aspect of this case, nor does it endorse or concede that the proffered methodology for such calculations for purposes of demonstrating that the jurisdictional minimum is met could be used in lieu of individualized inquiries or otherwise.

WHEREFORE, Defendant hereby removes this action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

DEFT. 'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

Dated:  February 27, 2026

LITTLER MENDELSON, P.C.

*/s/ Michael R. Minguet*

Brooke S. Hammond
Michael R. Minguet

Attorneys for Defendant
TECHNICAL EDUCATION SERVICES, INC.

4912-2489-5377.1 / 121000.1000

16

DEFT. 'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION