# EXHIBIT 1

JAMES HAWKINS APLC
James R. Hawkins, Esq. (#192925)
Gregory Mauro, Esq. (#222239)
Michael Calvo, Esq. (#314986)
Lauren Falk, Esq. (#316893)
Ava Issary, Esq. (#342252)
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: James@jameshawkinsaplc.com
Email: Greg@jameshawkinsaplc.com
Email: Michael@jameshawkinsaplc.com
Email: Lauren@jameshawkinsaplc.com
Email: Ava@jameshawkinsaplc.com

Attorneys for Plaintiff JAMES BIBB,
individually and on behalf of all others similarly situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
12/17/2025 at 05:13:12 PM
By: Andrel Gospel,
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF ALAMEDA

25CV160325

JAMES BIBB, individually and on behalf of all others similarly situated,

Plaintiff,

v.

TECHNICAL EDUCATION SERVICES, INC., a Virginia Corporation; and DOES 1 through 50, inclusive,

Defendants.

**CLASS ACTION COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §382**

1. **Failure to Pay Wages Including Overtime as Required by Labor Code §§ 510 and 1194**
2. **Failure to Provide Meal Periods as Required by Labor Code §§ 226.7, 512 and IWC Wage Orders**
3. **Failure to Provide Rest Periods as Required by Labor Code §§ 226.7, 512**
4. **Failure to Pay Timely Wages Required by Labor Code § 203**
5. **Failure to Provide Accurate Itemized Wage Statements as Required by Labor Code § 226**
6. **Failure to Indemnify Necessary Business Expenses as Required by Labor Code § 2802**
7. **Violation of Business & Professions Code § 17200, et seq.**

**DEMAND FOR JURY TRIAL**

CLASS ACTION COMPLAINT

Plaintiff JAMES BIBB ("Plaintiff"), individually and on behalf of all others similarly situated (hereinafter collectively referred to as the "Class" or "Class Member"), hereby files this Complaint against Defendants TECHNICAL EDUCATIONS SERVICES, INC., a Virigina Corporation and DOES 1-50, inclusive (collectively "Defendants") and alleges on information and belief as follows:

## I.     JURISDICTION AND VENUE

1.     This class action is brought pursuant to California Code of Civil Procedure §382. The monetary damages and restitution sought by Plaintiff exceed the minimum jurisdiction limits of the California Superior Court and will be established according to proof at trial.

2.     This Court has jurisdiction over this action pursuant to the California Constitution Article VI §10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts.  The statutes under which this action is brought do not give jurisdiction to any other court.

3.     This Court has jurisdiction over Defendants because, upon information and belief, each Defendant either has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California Courts consistent with traditional notions of fair play and substantial justice.

4.     The California Superior Court also has jurisdiction in this matter because the individual claims of the members of the Classes herein are under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claim, including attorneys' fees, is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005.  Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, CCP, California Civil Code ("CC") and B&PC.

5.     Venue is proper in this Court because upon information and belief, one or more of the Defendants, reside, transact business, or have offices in this County and/or the acts or omissions alleged herein took place in this County.

## II.     PARTIES

6.     Plaintiff JAMES BIBB, was at all times relevant to this action, a resident of

California.  Plaintiff was employed by Defendants in approximately June 30, 2025 as a non-exempt employee with the title of AIMS Instructor. Plaintiff's duties included, but were not limited to tutoring and teaching students how to conduct aircraft inspections, rigging, assembly, engines, and ignition systems.

7.      Defendants TECHNICAL EDUCATION SERVICES, INC. are engaged in the education and training for technical careers business. Plaintiff estimates there are in excess of one hundred Non-Exempt Employees who work or have worked for Defendants over the last four years.

8.      Other than identified herein, Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 10, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint when their true names and capabilities are ascertained.

9.      Plaintiff is informed and believes and thereon alleges that each defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other members of the Class, and exercised control over their wages, hours, and working conditions.  Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other defendants.

### III.  CLASS ACTION ALLEGATION

10. Plaintiff brings this action individually and on behalf of all others similarly situated as a class action pursuant to Code of Civil Procedure § 382.  The members of the Class are defined as follows:

> All persons who have been employed by Defendants as Non-Exempt Employees or equivalent positions, however titled, in the state of California within four (4) years from the filing of the Complaint in this action until its resolution. (collectively referred to as the "Class" or "Plaintiff's Class" or "Class Members").

11.      Plaintiff also seeks to represent the subclass(es) composed of and defined as follows:

> **Sub-Class 1:** All Class Members who are or were employed by Defendants who worked in excess of six or ten hours in a work day but were not provided with a timely, uninterrupted,

duty-free thirty-minute meal period (hereinafter collectively referred to as the "Meal Period Subclass").

**Sub-Class 2:** All Class Members who are or were employed by Defendants who worked in excess of three and a half (3.5) or ten hours in a work day but were not authorized and permitted a rest period (hereinafter collectively referred to as the "Rest Period Subclass").

**Sub-Class 3:** All Class Members who are or were employed by Defendants at any time between December 2024 and the present and who received wage statements from Defendant (hereinafter collectively referred to as the "Wage Statement Subclass").

**Sub-Class 4:** All Class Members who have been employed by Defendants at any time between December 2022 and the present and have separated their employment (hereinafter collectively referred to as the "Waiting Time Penalty Subclass")

**Sub-Class 5:** All Class Members who are or were employed by Defendants who incurred work related expenses as a result of the discharge to their duties and who did not receive reimbursements from Defendants for such expenses (hereinafter collectively referred to as the "Reimbursement Subclass").

**Sub-Class 6:** All Class Members who are or were employed by Defendants and subject to Defendant's Unfair Business Practices (hereinafter collectively referred to as the "Unfair Business Practice Subclass").

12.     Plaintiff reserves the right under California Rule of Court 3.765(b) and other applicable laws to amend or modify the class definition with respect to issues or in any other ways. Plaintiff is a member of the Class as well as each of the Sub-Classes.

13.     The term "Class" includes Plaintiff and all members of the Class and each of the Sub-Classes, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in this complaint.

14.     There is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendants are required to keep.

15.     <u>Numerosity</u>.  The members of the Class are so numerous that individual joinder of all of them as plaintiffs is impracticable.  While the exact number of the Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are at least 100 (one hundred) Class members.

16.     <u>Commonality</u>.  Common questions of law and fact exist as to all Class members

and predominate over any questions that affect only individual members of the Class. These common questions include, but are not limited to:

i.   Whether Defendants failed to pay minimum wage compensation to Plaintiff and Class Members for all hours worked;

ii.  Whether Defendants violated Labor Code section 226.2 and applicable IWC Wage Orders by failing to pay for rest periods and recovery periods (and all other periods of "non-driving" tasks separately (and in addition to) their piece-rate compensation.

iii. Whether Defendants violated Labor Code sections 226.7, 512, and applicable IWC Wage Orders, by failing to provide daily rest periods to Plaintiff and Class Members for every four hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of rest periods;

iv.  Whether Defendants violated Labor Code sections 226.7, 512 and applicable IWC Wage Orders, by failing to provide a meal period to Plaintiff and Class Members on days they worked work periods in excess of six hours and failing to compensate said employees one hour wages in lieu of meal periods;

v.   Whether Defendants failed to provide accurate itemized wage statements to Plaintiff and Class Members pursuant to Labor Code 226;

vi.  Whether Defendants reimbursed work related expenses pursuant to Labor Code sections 2802 and applicable IWC Wage Orders;

vii. Whether Defendants failed to maintain accurate time record including recording Plaintiff and Class Members' meal periods pursuant to the applicable Labor Codes and IWC Wage Orders;

viii. Whether Defendants violated section 17200 *et seq*. of the Business and Professions Code by failing to pay minimum wages, failing to provide rest and meal periods without compensating non-exempt employees one hour pay for every day such periods were not provided, failing to reimburse business expenses; and failing to keep accurate records;

ix.  Whether Defendants violated Business and Professions Code and Labor Code

- 4 -
CLASS ACTION COMPLAINT

sections §§ 201-203, 510, 512, 558, 226, 226.3, 226.7, 1174, 1174.5, 1175, 1194, 1197, 1197.1, 1198, 2802, and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy;

   x.   Whether Plaintiff and the Members of the Plaintiff Class are entitled to relief pursuant to Business and Professions Code section 17200, et. seq.; and

   xi.  Whether Plaintiff and the Members of the Plaintiff Class are entitled to relief in the form of back wages, penalties and interest for failure to pay minimum wages pursuant to Labor Code sections 1194 and 1197.

17.    Typicality.  Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions. Plaintiff and all members of the Class and or Subclass sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

18.    Adequacy.  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclass with whom he has a well defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass.  Plaintiff's attorneys and the proposed Counsel for the Class and Subclass are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters.  Other former and current employees of Defendants may also serve as representatives of the Class and Subclass if needed.

19.    Superiority.  A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  The damages suffered by each Class member are relatively small in the sense pertinent to class action analysis,

and the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to seek and obtain individual relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

20. Public Policy Considerations: Employers in the state of California violate employment and labor laws everyday. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear or retaliation or damage.

## IV. FACTUAL ALLEGATIONS

21. At all times set forth herein, Defendants employed Plaintiff and other persons in the capacity of non-exempt positions, however titled, throughout the state of California.

22. Plaintiff is informed and believes Class Members have at all times pertinent hereto been Non-Exempt within the meaning of the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.

23. Defendants continue to employ Non-Exempt Employees, however titled, in California and implement a uniform set of policies and practices to all non-exempt employees.

24. Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

25. During the relevant time frame, Plaintiff and Class Members would typically work more than eight hours in a day, five days a week.

26. During the relevant time-frame, Defendants compensated Plaintiff and Class Members based upon an hourly rate.

27. In addition, the Class Members frequently worked in excess of eight (8) hours a day and/or over forty (40) hours in a workweek, but were not properly paid for such time at the

- 6 -
CLASS ACTION COMPLAINT

employee's correct rate of pay per hour for overtime.

28.     Defendants also failed to properly calculate Plaintiff's and the Class Members' regular rate of pay including but not limited to by failing to include all forms of compensation/remuneration in the regular rate of pay, including but not limited to bonuses, incentives, commissions, shift differential pay, and other compensation for overtime calculation purposes.

29.     For example, Plaintiff was promised a retention bonus of $2,500 following the completion of 90 days of employment. To date, no portion of the bonus has been paid.

30.     During the relevant time, as a consequence of Defendants' staffing and scheduling practices, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiff and Class Members timely, legally complaint uninterrupted 30-minute meal periods on shifts over five hours as required by law.

31.     Defendants failed to provide Plaintiff with an uninterrupted duty-free meal period as required by law. Plaintiff's meal period was normally late, taken well after the first five (5) hours of work.

32.     Similarly, as a consequence of Defendants' staffing and scheduling practices, work demands, and Defendants' policies and practices, Defendants frequently failed to provide Plaintiff and Class Members legally compliant second meal periods on shifts over ten hours as required by law. Plaintiff and Class Members worked more than ten hours a day on a consistent and regular basis during the relevant time period, where no second meal breaks were given. Plaintiff and Class Members worked over ten (10) hours but only received an additional ten (10) minute break for these shifts, instead of the required 30-minute meal period.

33.     Further, each Friday was considered a "Float Day" where there are no student classes taking place, but instead employees perform grading, classroom preparations, and equipment cleaning duties. On these Float Days, Plaintiff was not instructed to clock out for meal periods.

34.     On information and belief, Plaintiff and Class Members did not waive their rights to meal periods under the law.

35.     Plaintiff and Class Members were not provided with valid lawful on-duty meal

periods.

36.    Further, Defendants failed to properly record meal breaks.

37.    Despite the above-mentioned meal period violations, Defendants failed to compensate Plaintiff, and on information and belief, failed to compensate Class Members, one additional hour of pay at their regular rate as required by California law when meal periods were not timely or lawfully provided in a compliant manner.

38.    Plaintiff are informed and believe, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and Class Members were entitled to receive premium wages based on their regular rate of pay under California Labor Code § 226.7 but were not receiving such compensation.

39.    In addition, during the relevant time frame, Plaintiff and the Non-Exempt Employees were systematically not authorized and permitted to take one net ten-minute paid, rest period for every four hours worked or major fraction thereof, which is a violation of the California Labor Code and IWC wage order.

40.    Defendants maintained and enforced scheduling practices, policies, and imposed work demands that frequently required Plaintiff and Class Members to forego their lawful, paid rest periods of a net ten minutes for every four hours worked or major fraction thereof. Such requisite rest periods were not timely authorized and permitted as a result of Defendants' failure to provide relief for Plaintiff and Class Members to take their lawfully required breaks.  Plaintiff was not given a third rest break on the aforementioned ten (10) hour and above work days.

41.    Plaintiff was unable to take a compliant full rest break due to student or office staff questions and constant interruptions.

42.    Despite the above-mentioned rest period violations, Defendants did not compensate Plaintiff, and on information and belief, did not pay Class Members one additional hour of pay at their regular rate as required by California law, including California Labor Code § 226.7 and the applicable IWC wage order, for each day on which lawful rest periods were not authorized and permitted.

43.    In addition, upon information and belief, Plaintiff alleges that Defendants failed to

- 8 -
CLASS ACTION COMPLAINT

pay overtime pay to Plaintiff and the Class Members at the proper rate, as Defendants failed to factor all forms of compensation into the regular rate.

44.    Defendants also failed to provide accurate, lawful itemized wage statements to Plaintiff and the Class Members in part because of the above specified violations. In addition, upon information and belief, Defendants omitted an accurate itemization of total hours worked, including premiums due and owing for overtime pay, gross pay, and net pay figures from Plaintiff and the Class Members' wage statements.

45.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that at the time of termination of employment (or within 72 hours thereof for resignations without prior notice as the case may be) they had a duty to accurately compensate Plaintiff and Class Members for all wages owed including minimum wages, meal and rest period premiums, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-specified violations.

46.    On information and belief, during the relevant time frame, Defendants failed to adequately reimburse Plaintiffs and Class Members for the use of their personal cell phones for work-related activity. Plaintiff used his personal cell phone to communicate with his supervisor regarding work matters and clock in and out on the ADP application. Plaintiff would also respond to phone calls and texts regarding work-related activity from superiors. Such business expenditures incurred were incurred in direct consequence of Plaintiff's and Class Members' duties pursuant to Labor Code § 2802.

47.    Further, Plaintiff was not adequately reimbursed for the necessary business expense of engine cleaner, which he had to purchase out of pocket for the classroom. Such business expenditures incurred were incurred in direct consequence of Plaintiff's and Class Members' duties pursuant to Labor Code § 2802.

48.    Upon information and belief, Defendants knew and or should have known that it is improper to implement policies and commit unlawful acts such as:

(a)    failing to pay wages, including overtime and minimum wages;

(b)   failing to provide accurate itemized wage statements;

(c)   failing to timely pay Plaintiff and Class Members;

(d)   failing to accurately pay overtime pay; and

(e)   conducting and engaging in unfair business practices.

49.   In addition to the violations above, and on information and belief, Defendants knew they had a duty to compensate Plaintiff and Class Members for the allegations asserted herein, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

50.   Plaintiff and Class Members they seek to represent are covered by, and Defendants are required to comply with, applicable California Labor Codes, Industrial Welfare Commission Occupational Wage Orders (hereinafter "IWC Wage Orders") and corresponding applicable provisions of California Code of Regulations, Title 8, section 11000 *et seq*.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES INCLUDING OVERTIME

### (Against All Defendants)

51.   Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

52.   At all times relevant, the IWC wage orders applicable to Plaintiff's and the Class require employers to pay its employees for each hour worked at least minimum wage. "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and in the case of an employee who is required to reside on the employment premises, that time spent carrying out assigned duties shall be counted as hours worked.

53.   At all relevant times, Labor Code §1197 provides that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the established minimum is unlawful. Further, pursuant to the IWC Wage Order and Labor Code, Plaintiff and Class Members are to be paid minimum wage for each hour worked, and cannot be averaged At all times relevant, the IWC wage orders applicable to Plaintiff and Class

Members' employment by Defendants provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week. An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

54.     At all relevant times, Labor Code §1197.1 states "[a]ny employer or other persons acting individually as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties pursuant to Section 203.

55.     Labor Code §510 codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

56.     At all times relevant, Plaintiff and Class Members regularly performed non-exempt work and thus were subject to the overtime requirements of the IWC Wage Orders, CCR § 11000, et. seq. and the Labor Code.

57.     At all times relevant, Plaintiff and Class Members consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week and Defendant's failed to accurately calculate overtime pay to Plaintiff and Class Members.

58.     At all times relevant, Defendants have failed to accurately pay minimum and overtime owed to Plaintiff and Class Members.

59.     Accordingly, Defendants owe Plaintiff and Class Members minimum and overtime wages, and have failed to pay Plaintiff and Class Members their wages owed.

60.     Pursuant to Labor Code §§ 510, 558 and 1194, Plaintiff and Class Members are entitled to recover their unpaid wages and overtime compensation, as well as interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**

**(Against All Defendants)**

61.    Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

62.    Pursuant to California Labor Code § 512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

63.    Pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employees must consent in writing to the "on duty" meal period.  On information and belief, Plaintiff and Class Members did not consent in writing to an "on duty" meal period.  Further, the nature of the work of Plaintiff and Class Members was not such that they were prevented from being relieved of all duties.  Despite the requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and California Labor Code § 512 and § 226.7, Defendants did not provide Plaintiff and Class Members with all their statutorily authorized meal periods.

64.    For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members, timely and uninterrupted meal periods of not less than thirty (30) minutes pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants.  As a proximate result of the aforementioned violations, Plaintiff and the other Class Members have been damaged in an amount according to proof at time of trial.

65.    By their failure to provide a compliant meal period for each shift worked over five

(5) hours and their failure to provide a compliant second meal period for any shift worked over ten (10) hours per day by Plaintiff and Class Members, and by failing to provide compensation in lieu of such non-provided meal periods, as alleged above, Defendants violated the provisions of California Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders.

66.     Plaintiff and Class Members she seeks to represent did not voluntarily or willfully waive meal periods and were regularly required to work shifts without being provided all of their legally required meal periods.  Defendants created a working environment in which Plaintiff and Class Members were not provided all of their meal periods due to shift scheduling and/or work related demands placed upon them by Defendants as discussed above. On information and belief, Defendants' implemented a policy and practice which resulted in systematic and class-wide violations of the Labor Code.  On information and belief, Defendants' violations have been widespread throughout the liability period and will be evidenced by Defendants' time records for the Class Members.

67.     As a result of the unlawful acts of Defendants described herein, Plaintiff and Class Members they seek to represent have been deprived of premium wages in amounts to be determined at trial.  Pursuant to California Labor Code § 226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period was not provided, along with interest and penalties thereon, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS OR COMPENASTION IN LIEU THEREOF

### (Against All Defendants)

68.     Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

69.     Pursuant to the IWC wage orders applicable to Plaintiff and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.... [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof... Authorized rest period time shall be

counted as hours worked, for which there shall be no deduction from wages." California Labor Code § 226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

70. Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages. Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, Defendants failed and refused to authorize and permit Plaintiff and Class Members, to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

71. At all relevant times, Labor Code section 226.2 requires employers to pay employees compensated on a piece-rate basis for rest and recovery periods and other non-driving time separate from any piece-rate compensation. Employees shall be compensated for rest and recovery periods at a regular hourly rate that is no less than the higher of: (i) an average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods; (ii) the applicable minimum wage.

72. Labor Code 226.7 provides: (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission. (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee s regular rate of compensation for each work day that the meal or rest period is not provided.

73. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial. Pursuant to California Labor Code § 226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which Defendants failed to provide a rest period to Plaintiff and the Class, plus interest and penalties thereon, attorneys' fees, and costs.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PAY TIMELY PAY WAGES**

**(Against All Defendants)**

74.    Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

75.    Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

76.    Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

77.    During the relevant time period, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ. These wages include regular and overtime.

78.    As a result, Defendants are liable to Plaintiff and members of the Non-Exempt Production Employee class for waiting time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

**(Against All Defendants)**

79.    Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

80.    Section 226(a) states that An employer, semi-monthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or

voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer.

81.    Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the Class including applicable hourly rates among other things. Defendants have knowingly and intentionally failed to comply with Labor Code section 226 and 204 on wage statements that have been provided to Plaintiff and the Class.

82.    IWC Wage Orders require Defendants to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statement, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the Class. On information and belief, Defendants have failed to record all or some of the items delineated in Industrial Wage Orders and Labor Code §226.

83.    Defendants have failed to accurately record all time worked.

84.    Plaintiff and the Class have been injured as they were unable to determine whether they had been paid correctly for all hours worked per pay period among other things.

85.    Pursuant to Labor Code section 226, Plaintiff and the Class are entitled up to a maximum of $4,000 each for record keeping violations.

86.    Pursuant to Labor Code section 226.3, any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each

violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

**SIXTH CAUSE OF ACTION**

**FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES**

**(Against All Defendants)**

87.    Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

88.    Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members for necessary expenditures incurred in direct consequences of the discharge of his or her duties. As a necessary part of employment, Plaintiff and on information and belief Class Members, were not adequately reimbursed by Defendants for expenses related to all expenses incurred which was incurred as a direct consequence of the discharge of duties by Plaintiff and Class Members. Despite these realities of the job, Defendants failed to provide reimbursements for the purchase of protective gear necessary to carry out their job duties and the use of personal cell phones.

89.    Labor Code §2804 states in pertinent part: "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof is null and void, and this article shall not deprive any employee or his or her personal representative of any right or remedy to which he is entitled under the laws of this State.

90.    As a result of the unlawful acts of Defendants, Plaintiff and the Class Members have been deprived of un-reimbursed expense amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 2802.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et. seq.**

**(Against All Defendants)**

91.    Plaintiff incorporates and re-alleges each and every allegation contained above as though fully set forth herein.

92.    Defendants' conduct, as alleged in this complaint, has been, and continues to be,

- 17 -
CLASS ACTION COMPLAINT

unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

93. Defendants' policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, et seq.

94. A violation of California Business and Professions Code §§17200, et seq., may be predicated on the violation of any state or federal law. Defendants' policy of failing to accurately pay overtime, failing to pay minimum wages, failing to accurately record and pay sick pay, failing to provide accurate itemized wage statements and failing to provide Plaintiff and the Class with meal periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was not provided or provided outside of the required time frames, violates Labor Code § 226, §512, § 226.7, § 1194, § 2802 and applicable IWC Wage Orders and California Code of Regulations.

95. Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

96. Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff and Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees, interest; and an award of costs.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

Class Certification

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class;

3. That Plaintiff be appointed as the representative of the Subclass; and

4. That counsel for Plaintiff is appointed as counsel for the Class and Subclass.

On the First Cause of Action

1. For compensatory damages equal to the unpaid balance of minimum wage

CLASS ACTION COMPLAINT

compensation and overtime owed to Plaintiff and Class members as well as interest and costs;

2.     For reasonable attorneys' fees and costs pursuant to Labor Code §§ 510, and 1194;

3.     For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code §§ 1194.2, 558;

4.     For such other and further relief as the Court deems proper.

On the Second Cause of Action

1.     For one (1) hour of premium pay for each day in which a required meal period was not provided or not provided in a timely manner; and

2.     For such other and further relief as the Court deems proper.

On the Third Cause of Action

1.     For one (1) hour of premium pay for each day in which a required rest period was not authorized or permitted; and

2.     For such other and further relief as the Court deems proper.

On the Fourth Cause of Action

1.     For statutory penalties pursuant to Labor Code §203;

2.     For interest for wages untimely paid; and

3.     For such other and further relief as the Court deems proper.

On the Fifth Cause of Action

1.     For statutory penalties pursuant to Labor Code §226;

2.     For interest for wages untimely paid;

3.     For penalties pursuant to Labor Code §266.3; and

4.     For such other and further relief as the Court deems proper.

On the Sixth Cause of Action

1.     For failure to reimburse necessary business expenses;

2.     For statutory penalties pursuant to Labor Code §2802;

3.     For interest for wages untimely paid; and

4.     For such other and further relief as the Court deems proper.

On the Seventh Cause of Action

1.    That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to accurately pay overtime, failing to pay minimum wages, failing to pay wages in a labor-code compliant instrument, failing to accurately record and pay sick pay, failing to provide accurate itemized wage statements and failing to provide Plaintiff and the Class with meal periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was not provided or provided outside of the required time frames as described herein to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

2.    For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

3.    For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover;

4.    For costs of suit incurred herein; and

5.    For such other and further relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff and members of the Class and Subclass request a jury trial in this matter.

Dated: December 17, 2025

JAMES HAWKINS APLC

By: _____
JAMES R. HAWKINS, ESQ.
GREGORY MAURO, ESQ.
MICHAEL CALVO, ESQ.
LAUREN FALK, ESQ.
AVA ISSARY, ESQ.

Attorneys for Plaintiff JAMES BIBB individually and on behalf of all others similarly situated.

- 20 -
CLASS ACTION COMPLAINT

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TECHNICAL EDUCATION SERVICES, INC., a Virginia Corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JAMES BIBB, individually and on behalf of all others similarly situated,

| *FOR COURT USE ONLY* |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
12/17/2025
Chad Finke, Executive Officer / Clerk of the Court
By: _____ A. Gospel Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* Rene C. Davidson Courthouse 1225 Fallon St., Oakland, CA 94612 | 25CV160325 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

JAMES HAWKINS APLC, 9880 Research Drive, Suite 200 Irvine CA 92618; (949)387-7200

DATE: 12/17/2025       Clerk, by _____ , Deputy
*(Fecha)* Chad Finke, Executive Officer / Clerk of the Court    *(Secretario)*  A. Gospel   *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served



[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courts.ca.gov* |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JAMES HAWKINS APLC. James R. Hawkins (#192925); Gregory Mauro (# 222239); Michael Calvo (# 314986); Lauren Falk (#316893); Ava Issary (#342252) 9880 Researach Drive, Suite 200, Irvine, CA 92618 TELEPHONE NO.: 949-387-7200    FAX NO. : EMAIL ADDRESS: greg@jameshawkinsaplc.com ATTORNEY FOR (Name): Plaintiff, JAMES BIBB | **ELECTRONICALLY FILED** Superior Court of California, County of Alameda 12/17/2025 at 05:13:12 PM By: Andrel Gospel, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland 94613
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
James Bibb vs Technical Education Services, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 25CV160325 |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000) / [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2.  This case [x] is  [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties
    b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. [x] Substantial amount of documentary evidence
    d. [x] Large number of witnesses
    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4.  Number of causes of action (specify): 7
5.  This case [x] is  [ ] is not    a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 12/17/2025

Gregory Mauro
_____
(TYPE OR PRINT NAME)                                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
　Auto (22)–Personal Injury/Property
　　Damage/Wrongful Death
　Uninsured Motorist (46) *(if the
　　case involves an uninsured
　　motorist claim subject to
　　arbitration, check this item
　　instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
　Asbestos (04)
　　Asbestos Property Damage
　　Asbestos Personal Injury/
　　　Wrongful Death
　Product Liability *(not asbestos or
　　toxic/environmental)* (24)
　Medical Malpractice (45)
　　Medical Malpractice–
　　　Physicians & Surgeons
　　Other Professional Health Care
　　　Malpractice
　Other PI/PD/WD (23)
　　Premises Liability (e.g., slip
　　　and fall)
　　Intentional Bodily Injury/PD/WD
　　　(e.g., assault, vandalism)
　　Intentional Infliction of
　　　Emotional Distress
　　Negligent Infliction of
　　　Emotional Distress
　　Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
　Business Tort/Unfair Business
　　Practice (07)
　Civil Rights (e.g., discrimination,
　　false arrest) *(not civil
　　harassment)* (08)
　Defamation (e.g., slander, libel) (13)
　Fraud (16)
　Intellectual Property (19)
　Professional Negligence (25)
　　Legal Malpractice
　　Other Professional Malpractice
　　　*(not medical or legal)*
　Other Non-PI/PD/WD Tort (35)
**Employment**
　Wrongful Termination (36)
　Other Employment (15)

**Contract**
　Breach of Contract/Warranty (06)
　　Breach of Rental/Lease
　　　Contract *(not unlawful detainer
　　　or wrongful eviction)*
　　Contract/Warranty Breach–Seller
　　　Plaintiff *(not fraud or negligence)*
　　Negligent Breach of Contract/
　　　Warranty
　　Other Breach of Contract/Warranty
　Collections (e.g., money owed, open
　　book accounts) (09)
　　Collection Case–Seller Plaintiff
　　Other Promissory Note/Collections Case
　Insurance Coverage *(not provisionally
　　complex)* (18)
　　Auto Subrogation
　　Other Coverage
　Other Contract (37)
　　Contractual Fraud
　　Other Contract Dispute
**Real Property**
　Eminent Domain/Inverse
　　Condemnation (14)
　Wrongful Eviction (33)
　Other Real Property (e.g., quiet title) (26)
　　Writ of Possession of Real Property
　　Mortgage Foreclosure
　　Quiet Title
　　Other Real Property *(not eminent
　　domain, landlord/tenant, or
　　foreclosure)*
**Unlawful Detainer**
　Commercial (31)
　Residential (32)
　Drugs (38) *(if the case involves illegal
　　drugs, check this item; otherwise,
　　report as Commercial or Residential)*
**Judicial Review**
　Asset Forfeiture (05)
　Petition Re: Arbitration Award (11)
　Writ of Mandate (02)
　　Writ–Administrative Mandamus
　　Writ–Mandamus on Limited Court
　　　Case Matter
　　Writ–Other Limited Court Case Review
　Other Judicial Review (39)
　　Review of Health Officer Order
　　Notice of Appeal–Labor Commissioner
　　　Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
　Antitrust/Trade Regulation (03)
　Construction Defect (10)
　Claims Involving Mass Tort (40)
　Securities Litigation (28)
　Environmental/Toxic Tort (30)
　Insurance Coverage Claims
　　*(arising from provisionally complex
　　case type listed above)* (41)
**Enforcement of Judgment**
　Enforcement of Judgment (20)
　　Abstract of Judgment (Out of County)
　　Confession of Judgment *(non-domestic
　　　relations)*
　　Sister State Judgment
　　Administrative Agency Award
　　　*(not unpaid taxes)*
　　Petition/Certification of Entry of
　　　Judgment on Unpaid Taxes
　　Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
　RICO (27)
　Other Complaint *(not specified above)* (42)
　　Declaratory Relief Only
　　Injunctive Relief Only *(non-
　　　harassment)*
　　Mechanics Lien
　　Other Commercial Complaint
　　　Case *(non-tort/non-complex)*
　　Other Civil Complaint
　　　*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
　Partnership and Corporate
　　Governance (21)
　Other Petition *(not specified above)* (43)
　　Civil Harassment
　　Workplace Violence
　　Elder/Dependent Adult Abuse
　　Election Contest
　　Petition for Name Change
　　Petition for Relief From Late Claim
　　Other Civil Petition

CM-010 [Rev. January 1, 2024]　　　　　　　　　　**CIVIL CASE COVER SHEET**　　　　　　　　　　**Page 2 of 2**

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: James Bibb vs Technical Education Services, Inc | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE
### SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | |
|---|---|
| | [  ]  Hayward Hall of Justice  (447) |
| [x]  Oakland, Rene C. Davidson Alameda County Courthouse  (446) | [  ]  Pleasanton, Gale-Schenone Hall of Justice  (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?  [  ] yes  [  ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [x] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial   **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential   **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs   **[  ] Yes   [  ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [  ] Yes  [  ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)                                                                                                   A-13

# EXHIBIT 2

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

PLAINTIFF:
JAMES BIBB

DEFENDANT:
TECHNICAL EDUCATION SERVICES, INC., a Virginia Corporatio

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
12/17/2025
Chad Finke, Executive Officer/Clerk of the Court
By: _____ Deputy
A. Gospel

CASE NUMBER:
25CV160325

---

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | | | |
|---|---|---|---|
| Date: 04/27/2026 | Time: 2:30 PM | Dept.: 21 | |
| Location: Rene C. Davidson Courthouse Administration Building, 1221 Oak Street, Oakland, CA 94612 | | | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Expedited Jury Trials

If the parties agree, they may try the case in an Expedited Jury Trial. Code of Civ. Proc. § 630.01 et seq. In short, the parties would agree to the following: 8 jurors (6 must agree); 3 peremptory challenges per side; 5-hour time limit per side, unless otherwise agreed and approved; one to two court days for completion, unless otherwise agreed and approved; high/low arrangement option; and limited right to appeal. For additional information, please see the following links:

• EJT-010-INFO* Expedited Jury Trial Information Sheet (ca.gov)
• EJT-008 Agreement of Parties (Mandatory Expedited Jury Trial Procedures) (ca.gov)
• EJT-020 [Proposed] Consent Order for Voluntary Expedited Jury Trial (ca.gov)

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>12/17/2025<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _A. Gospel_ Deputy<br>A. Gospel |
| PLAINTIFF/PETITIONER:<br>JAMES BIBB | |
| DEFENDANT/RESPONDENT:<br>TECHNICAL EDUCATION SERVICES, INC., a Virginia Corporation | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25CV160325 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

JAMES HAWKINS
9880 RESEARCH DRIVE, SUITE 200
Irvine, CA 92618

Chad Finke, Executive Officer / Clerk of the Court

Dated: 12/19/2025                    By:

A. Gospel, Deputy Clerk

**CERTIFICATE OF MAILING**

JAMES HAWKINS APLC
James R. Hawkins, Esq. (#192925)
Gregory Mauro, Esq. (#222239)
Michael Calvo, Esq. (#314986)
Lauren Falk (#316893)
Ava Issary (#342252)
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: James@jameshawkinsaplc.com
Email: Greg@jameshawkinsaplc.com
Email: Michael@jameshawkinsaplc.com
Email: Lauren@jameshawkinsaplc.com
Email: Ava@jameshawkinsaplc.com

Attorneys for Plaintiff JAMES BIBB,
individually and on behalf of all others similarly situated,

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
12/31/2025 at 08:49:35 AM
By: Nia Douglas,
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF ALAMEDA**

| | |
|---|---|
| JAMES BIBB, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TECHNICAL EDUCATION SERVICES, INC., a Virginia Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 25CV160325<br>ASSIGNED FOR ALL PURPOSES TO:<br>JUDGE: Hon. Somnath Raj Chatterjee<br>DEPT: 21<br><br>**PLAINTIFF'S PEREMPTORY CHALLENGE PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 170.6; DECLARATION OF GREGORY MAURO, ESQ. IN SUPPORT THEREOF** |

- 1 -

PEREMPTORY CHALLENGE

**TO THE PRESIDING JUDGE OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Pursuant to California Code of Civil Procedure section 170.6, Plaintiff James Bibb, individually and on behalf of all others similarly situated, ("Plaintiff") hereby moves that this matter, including trial, which has been assigned to the Honorable Somnath Raj Chatterjee of the above-entitled court, be reassigned from that judge, and that no matters hereinafter arising in this case be heard by or assigned to the Honorable Somnath Raj Chatterjee, on the ground that said judge is prejudiced against the interests of Plaintiff and/or their attorneys in this action, and because Plaintiff's attorneys believe that Plaintiff cannot have a fair or impartial hearing or trial before Judge Chatterjee. (Declaration of Gregory Mauro, ¶5).

This case was originally assigned to the Honorable Somnath Raj Chatterjee on December 17, 2025. (Id. At ¶3). Therefore, this peremptory challenge is timely filed and served because it is within 15 days after Plaintiff received notice of the all purpose assignment. Plaintiff has not previously exercised a Code of Civil Procedure section 170.6, the points and authorities raised herein, and the supporting declaration of Gregory Mauro attached hereto and filed herewith.

WHEREFORE, Plaintiff respectfully requests that this case be reassigned from Judge Chatterjee to another judge of this Court for all purposes.

Dated: December 31, 2025

JAMES HAWKINS APLC

By: _____
JAMES R. HAWKINS, ESQ.
GREGORY MAURO, ESQ.
MICHAEL CALVO, ESQ.
LAUREN FALK, ESQ
AVA ISSARY, ESQ

Attorneys for Plaintiff JAMES BIBB, individually and on behalf of all others similarly situated,

- 2 -

PEREMPTORY CHALLENGE

## **<u>DECLARATION OF GREGORY MAURO, ESQ.</u>**

I, Gregory Mauro, state and declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am an associate with JAMES HAWKINS APLC, attorneys of record for Plaintiff James Bibb, individually and on behalf of all others similarly situated, ("Plaintiff"). If called as a witness, I could and would competently testify to all facts herein with my personal knowledge except where stated on information and belief.

2. This declaration is made in accordance with Code of Civil Procedure section 170.6.

3. This case was assigned to the Honorable Somnath Raj Chatterjee on or about December 17, 2025.

4. Plaintiff has not previously exercised a challenge in this matter pursuant to California Code of Civil Procedure section 170.6

5. The Honorable Somnath Raj Chatterjee, the judge to whom the case of the aforementioned action has now been assigned, is prejudiced against Plaintiff and/or their attorneys, or the interests of Plaintiff or their attorneys, so that I believe that Plaintiff cannot have a fair and impartial hearing or trial before this judge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed 31st day of December, 2025 at Irvine, California.

_____
Gregory Mauro, Esq.

- 3 -

PEREMPTORY CHALLENGE

**PROOF OF SERVICE, COUNTY OF ORANGE**

I am a resident of the State of California, County of Orange. I am over the age of eighteen years and not a party to the within action. My business address is 9880 Research Drive., Suite 200, Irvine, California 92618.

On December 31, 2025, I served on the interested parties in this action the following document(s) entitled:

**PLAINTIFF'S PEREMPTORY CHALLENGE PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 170.6; DECLARATION OF GREGORY MAURO IN SUPPORT THEREOF**

[XX] BY MAIL: I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**SERVICE LIST**

TECHNICAL EDUCATION SERVICES, INC.
Agent for Service of Process:
Joshua Smith
420 Whitney Place
Fremont, CA 94539

[ X ] **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on December 31, 2025, at Irvine, California

_____
Eddie Magana

- 4 -

PEREMPTORY CHALLENGE

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br><br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>01/02/2026<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>B. Mercado |
| PLAINTIFF(S) / PETI<br>JAMES BIBB | |
| TECHNICAL EDUCATION SERVICES, INC., a Virginia Corporation | |
| **NOTICE OF CASE REASSIGNMENT** | CASE NUMBER:<br>25CV160325 |

**EFFECTIVE** 01/02/2026

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

ASSIGNED JUDGE:   Patrick McKinney
DEPARTMENT:   18
LOCATION:   Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612
PHONE NUMBER:   (510) 267-6934
FAX NUMBER:
EMAIL ADDRESS:   Dept18@alameda.courts.ca.gov

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 1013)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate).  Parties may arrange and pay for the attendance of a certified shorthand reporter.  In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available.  For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**NOTICE OF CASE REASSIGNMENT**

**ASSIGNED FOR ALL PURPOSES TO**
**JUDGE** Patrick McKinney_____
**DEPARTMENT** _18_____

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days."   The court's website contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

B. Mercado, Deputy Clerk

**NOTICE OF CASE REASSIGNMENT**

ACSC (Rev. 10/21)                                                                                                    Page 2 of 2

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>01/02/2026<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>B. Mercado |
| PLAINTIFF/PETITIONER:<br>JAMES BIBB | |
| DEFENDANT/RESPONDENT:<br>TECHNICAL EDUCATION SERVICES, INC., a Virginia Corporation | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6** | CASE NUMBER:<br>25CV160325 |

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Notice of Case Reassignment (Civil) entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

JAMES HAWKINS
James@jameshawkinsaplc.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 01/02/2026                    By:

B. Mercado, Deputy Clerk

**CERTIFICATE OF ELECTRONIC SERVICE**
**CODE OF CIVIL PROCEDURE 1010.6**

| | Reserved for Clerk's File Stamp |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA** | **FILED** Superior Court of California County of Alameda 01/05/2026 Chad Finke, Executive Officer / Clerk of the Court By: _Tom Williams_ Deputy P. Drummer-Williams |
| COURTHOUSE ADDRESS: Rene C. Davidson Courthouse Administration Building, 1221 Oak Street, Oakland, CA 94612 | |
| PLAINTIFF(S) / PETITIONER(S): JAMES BIBB | |
| DEFENDANT(S) / RESPONDENT(S): TECHNICAL EDUCATION SERVICES, INC., a Virginia Corporation | |
| **NOTICE OF HEARING** | CASE NUMBER: 25CV160325 |

TO ALL PARTIES:

Notice is hereby given that the above-entitled action has been set for a/an
Initial Case Management Conference _____ on _04/29/2026_____ at

_1:30 PM____ in _Department 18_____ of the above named court located at

Administration Building, 1221 Oak Street, Oakland, CA 94612_____.

 Welcome to Department 18,

 Please review our departmental information on the Alameda County Superior Court eCourt Portal.
 Join ZoomGov Meeting
 https://alameda-courts-ca-gov.zoomgov.com/j/16076551515?pwd=ejlVTDI1elNCdEJiQVJhMDBqdUc2UT09

 Meeting ID: 160 7655 1515
 Passcode: Nov22

Chad Finke, Executive Officer / Clerk of the Court

Dated:  01/05/2026                    By:

_Tom Williams_

P. Drummer-Williams, Deputy Clerk

**NOTICE OF HEARING**

ACSC (Rev. [12/20])

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>01/05/2026<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>P. Drummer-Williams |
| PLAINTIFF/PETITIONER:<br>JAMES BIBB | |
| DEFENDANT/RESPONDENT:<br>TECHNICAL EDUCATION SERVICES, INC., a Virginia Corporation | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6** | CASE NUMBER:<br>25CV160325 |

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Notice of Hearing entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

JAMES HAWKINS
James@jameshawkinsaplc.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 01/05/2026                     By:

P. Drummer-Williams, Deputy Clerk

**CERTIFICATE OF ELECTRONIC SERVICE
CODE OF CIVIL PROCEDURE 1010.6**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse, Department 18

## JUDICIAL OFFICER: HONORABLE PATRICK MCKINNEY

Courtroom Clerk: Pam Drummer-Williams                           CSR: None

---

**25CV160325**                                                   January 28, 2026
                                                                       1:30 PM

**BIBB**
   **vs**

**TECHNICAL EDUCATION SERVICES, INC., A VIRGINIA
CORPORATION**

---

## MINUTES

**APPEARANCES:**

No Appearances

**NATURE OF PROCEEDINGS: Complex Determination Hearing**

COMPLEX DETERMINATION HEARING - CLASS ACTION - GRANTED

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

https://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

**PORTAL INFORMATION**
Calendar information, filings, and tentative rulings are available to the public athttps://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.  Counsel should review the portal information for Departments 21 and 18 available on the web.

**CLASS CERTIFICATION MOTION DEADLINE**
Plaintiff must file a motion for class certification by 11/23/2026.
The Court finds that this deadline provides sufficient time for the parties to complete class discovery. See generally CRC 3.764(b). The parties are expected to diligently proceed with undertaking discovery necessary for determining class certification and to timely resolve any disputes that arise, including bringing any necessary motions, to meet this deadline.

**MANDATORY JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
At least seven calendar days before the Initial Case Management Conference ("CMC"), the parties shall file a Joint CMC Statement on pleading paper.  All parties who have appeared shall participate in the Joint CMC Statement.  The Joint CMC Statement should address from each party's perspective each issue set forth in CRC Rule 3.750(b).  The Joint CMC Statement should also address any additional matters that any party believes will advance the action.
For all subsequent CMCs, the parties shall file a Joint CMC Statement on pleading paper setting for the status of the action and any appropriate matters.  The Joint CMC Statement shall be filed at least 7 calendar days before the CMC.

**SUMMARY DISCOVERY MOTION PROCEDURES BY STIPULATION**
The Complex Civil Departments 18 and 21 permit parties to submit discovery disputes by stipulation under summary procedures that are posted in the Court's portal pages.

Judicial: Non-Appearance Case Review Re: Filing of Motion for Class Certification is scheduled for 11/23/2026 at 11:00 AM in Department 18 at Rene C. Davidson Courthouse.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

The Court orders counsel to obtain a copy of this order from the eCourt portal.

By:        P. Drummer-Williams, Deputy Clerk
                        Minutes of: 01/28/2026
                        Entered on: 01/28/2026

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

| | |
|---|---|
| JAMES BIBB<br>          Plaintiff/Petitioner(s)<br>vs.<br>TECHNICAL EDUCATION SERVICES, INC., a Virginia Corporation<br>          Defendant/Respondent (s) | No.    25CV160325<br><br>Date:  01/28/2026<br>Time:  1:30 PM<br>Dept:  18<br>Judge:  Patrick McKinney |

### ORDER re: Complex Determination Hearing

COMPLEX DETERMINATION HEARING - CLASS ACTION - GRANTED

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at https://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

**PORTAL INFORMATION**
Calendar information, filings, and tentative rulings are available to the public athttps://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department. Counsel should review the portal information for Departments 21 and 18 available on the web.

**CLASS CERTIFICATION MOTION DEADLINE**
Plaintiff must file a motion for class certification by 11/23/2026.
The Court finds that this deadline provides sufficient time for the parties to complete class discovery. See generally CRC 3.764(b). The parties are expected to diligently proceed with undertaking discovery necessary for determining class certification and to timely resolve any disputes that arise, including bringing any necessary motions, to meet this deadline.

**MANDATORY JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
At least seven calendar days before the Initial Case Management Conference ("CMC"), the parties shall file a Joint CMC Statement on pleading paper. All parties who have appeared shall participate in the Joint CMC Statement. The Joint CMC Statement should address from each party's perspective each issue set forth in CRC Rule 3.750(b). The Joint CMC Statement should also address any additional matters that any party believes will advance the action.
For all subsequent CMCs, the parties shall file a Joint CMC Statement on pleading paper setting for the status of the action and any appropriate matters. The Joint CMC Statement shall be filed at least 7 calendar days before the CMC.

**SUMMARY DISCOVERY MOTION PROCEDURES BY STIPULATION**
The Complex Civil Departments 18 and 21 permit parties to submit discovery disputes by stipulation under summary procedures that are posted in the Court's portal pages.

Judicial: Non-Appearance Case Review Re: Filing of Motion for Class Certification is scheduled for 11/23/2026 at 11:00 AM in Department 18 at Rene C. Davidson Courthouse.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated :  01/28/2026

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse

Patrick McKinney / Judge

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:

Rene C. Davidson Courthouse

Administration Building, 1221 Oak Street, Oakland, CA 94612

PLAINTIFF(S) / PETITIONER(S):

JAMES BIBB

DEFENDANT(S) / RESPONDENT(S):

TECHNICAL EDUCATION SERVICES, INC., a Virginia Corporation

**NOTICE OF HEARING**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
01/05/2026
Chad Finke, Executive Officer/Clerk of the Court
By: _Tom Williams_ Deputy
P. Drummer-Williams

CASE NUMBER:

25CV160325

TO ALL PARTIES:

Notice is hereby given that the above-entitled action has been set for a/an
_Complex Determination Hearing_____ on _01/28/2026_____ at

_1:30 PM_____ in _Department 18_____ of the above named court located at

_Administration Building, 1221 Oak Street, Oakland, CA 94612_____.

 Welcome to Department 18,

 Please review our departmental information on the Alameda County Superior Court eCourt Portal.
 Join ZoomGov Meeting
 https://alameda-courts-ca-gov.zoomgov.com/j/16076551515?pwd=ejlVTDI1elNCdEJiQVJhMDBqdUc2UT09

 Meeting ID: 160 7655 1515
 Passcode: Nov22

Chad Finke, Executive Officer / Clerk of the Court

Dated:  01/05/2026                    By:

P. Drummer-Williams, Deputy Clerk

**NOTICE OF HEARING**

ACSC (Rev. [12/20])

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>01/05/2026<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>P. Drummer-Williams |
| PLAINTIFF/PETITIONER:<br>JAMES BIBB | |
| DEFENDANT/RESPONDENT:<br>TECHNICAL EDUCATION SERVICES, INC., a Virginia Corporation | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6** | CASE NUMBER:<br>25CV160325 |

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Notice of Hearing entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

JAMES HAWKINS
James@jameshawkinsaplc.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 01/05/2026                    By:

P. Drummer-Williams, Deputy Clerk

**CERTIFICATE OF ELECTRONIC SERVICE**
**CODE OF CIVIL PROCEDURE 1010.6**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **JAMES HAWKINS SBN 192925**<br>**James Hawkins APLC**<br>**9880 Research Dr**<br>**Irvine, CA 92618**<br>TELEPHONE NO.: **(310) 574-2282**    FAX NO. *(Optional)*:<br><br>E-MAIL ADDRESS *(Optional)*: **James@jameshawkinsaplc.com**<br>ATTORNEY FOR *(Name)*:    **Plaintiff** | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>**01/29/2026 at 11:33:33 AM**<br>By: Maria Alvarado,<br>Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA | |
|---|---|
| STREET ADDRESS:  1225 FALLON ST.<br>MAILING ADDRESS:  1225 FALLON ST.<br>CITY AND ZIP CODE:  OAKLAND, CA 94612<br>BRANCH NAME:  RENE C. DAVIDSON COURTHOUSE | |

| PLAINTIFF/PETITIONER:  JAMES BIBB<br><br>DEFENDANT/RESPONDENT:  TECHNICAL EDUCATION SERVICES, INC., a Virginia<br>Corporation | CASE NUMBER:<br>25CV160325 |
|---|---|
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>Technical Education - Class |

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of: ***Summons; Notice of Case Management Conference; Civil Case Cover Sheet; Complaint; Peremptory Challenge; Notice of Case Reassignment; Notice of Complex Determination Hearing; Notice of Initial Case Management Conference***

3. a. Party served *(specify name of party as shown on documents served)*: ***TECHNICAL EDUCATION SERVICES, INC., a Virginia Corporation***

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*: **By Serving Joshua Smith, Agent for Service**

4. Address where the party was served: ***420 Whitney Pl Fremont, CA 94539***

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on*:*  (2) at*:*
   b. ☒ **by substituted service.** On*:* **1/28/2026** at*:* **03:49 PM** I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
      **David Smith**
      **Manager**

      (1) ☒ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

**Page 1 of 3**

POS-010 [Rev. January 1, 2007]              **PROOF OF SERVICE OF SUMMONS**

**Invoice # 13877077**

| PLAINTIFF/PETITIONER: | JAMES BIBB | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | TECHNICAL EDUCATION SERVICES, INC., a Virginia Corporation | 25CV160325 |

(4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
   on:              from:              **or** ☒ a declaration of mailing is attached.

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.   c.   ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on:                              (2) from:

   (3) ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.   ☐   **by other means** *(specify means of service and authorizing code section):*

   ☐   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
   a.   ☐   as an individual defendant.
   b.   ☐   as the person sued under the fictitious name of *(specify):*
   c.   ☐   as occupant.
   d.   ☒   On behalf of *(specify):* **TECHNICAL EDUCATION SERVICES, INC., a Virginia Corporation**
      under the following Code of Civil Procedure section:

|  |  |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
|  | ☐ other: |

7.   **Person who served papers**
   a.   Name: **Hugh Rutherford**
   b.   Address: **7162 Beverly Blvd Suite 508, Los Angeles, CA 90036**
   c.   Telephone number: **800-687-5003**
   d.   **The fee** for service was: **$265.00**
   e.   I am:
      (1) ☐   not a registered California process server.
      (2) ☐   exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒   a registered California process server:
         (i)   ☐ owner   ☐ employee   ☒ independent contractor.
         (ii)   Registration No.: **1510**
         (iii)   County: **Alameda**

---

POS-010 [Rev. January 1, 2007]                **PROOF OF SERVICE OF SUMMONS**                **Page 2 of 3**

**Invoice#: 13877077**

| PLAINTIFF/PETITIONER: JAMES BIBB | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TECHNICAL EDUCATION SERVICES, INC., a Virginia Corporation | 25CV160325 |

8.  [ ✖ ]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Hugh Rutherford                          Date: **01/29/2026**

POS-010 [Rev. January 1, 2007]                    **PROOF OF SERVICE OF SUMMONS**                    **Page 3 of 3**

**Invoice#: 13877077**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **JAMES HAWKINS SBN 192925**<br>**James Hawkins APLC**<br>**9880 Research Dr**<br>**Irvine, CA 92618**<br>ATTORNEY FOR  **Plaintiff** | **(310) 574-2282** | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA - CENTRAL<br>1225 Fallon St.<br>Oakland, CA 94612 | |
|---|---|

| SHORT TITLE OF CASE:<br>BIBB vs TECHNICAL EDUCATION SERVICES, INC., A VIRGINIA CORPORATION | |
|---|---|

| DATE:          TIME:          DEP./DIV. | CASE NUMBER:<br>25CV160325 |
|---|---|
| **Proof of Service by Mail** | Ref. No. or File No:<br>Technical Education - Class |

I am a citizen of the United States and employed in the County of **Los Angeles** State of California. I am and was on the dates herein mentioned, over the age of eighteen years and not a party to the action.

On **01/29/2026** after substituted service was made, I served the within:

*Summons; Notice of Case Management Conference; Civil Case Cover Sheet; Complaint; Peremptory Challenge; Notice of Case Reassignment; Notice of Complex Determination Hearing; Notice of Initial Case Management Conference*

On the defendant, in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon pre-paid for first class in the United States mail At: **Los Angeles**, California, addressed as follows:
**TECHNICAL EDUCATION SERVICES, INC., a Virginia Corporation**
**420 Whitney Pl  Fremont, CA 94539**

Person attempting service:

  a. Name: **Walter Lee**
  b. Address: **7162 Beverly Blvd Suite 508, Los Angeles, CA 90036**
  c. Telephone number: **800-687-5003**
  d. **The fee** for this service was: **265.00**
  e. I am:
  (3) [ ] a registered California process server:
     (i) [X] Employee
     (ii) Registration No.:
     (iii)    County: **Los Angeles**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Walter Lee*
_____
**Walter Lee**                    Date: **01/29/2026**

# EXHIBIT 3

Brooke S. Hammond, Bar No. 264305
bhammond@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
Telephone:    310.553.0308
Facsimile:    800.715.1330

Michael R. Minguet, Bar No. 204027
mminguet@littler.com
LITTLER MENDELSON, P.C.
633 West Fifth Street, 63rd Floor
Los Angeles, California 90071
Telephone:    213.443.4300
Facsimile:    800.715.1330

Attorneys for Defendant
TECHNICAL EDUCATION SERVICES, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| JAMES BIBB, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TECHNICAL EDUCATION SERVICES, INC., a Virginia Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 25CV160325<br><br>**DEFENDANT TECHNICAL EDUCATION SERVICES, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>ASSIGNED FOR ALL PURPOSES TO HON. PATRICK MCKINNEY, DEPT. 18<br><br>Trial Date:    None Set<br>Complaint Filed:    December 17, 2025 |

Defendant TECHNICAL EDUCATION SERVICES, INC. ("Defendant"), by and through its attorneys, hereby answers the unverified Class Action Complaint ("Complaint") filed by Plaintiff JAMES BIBB ("Plaintiff") as follows:

## GENERAL DENIAL

Defendant generally denies each and every allegation of the Complaint, and the whole thereof, pursuant to section 431.30(d) of the California Code of Civil Procedure. Defendant further denies that Plaintiff and/or the putative class members have been damaged in any sums alleged, or at all, by reason of any act or omission to act on the part of Defendant or any of Defendant's agents, officers, servants, employees or representatives. Defendant further denies, generally and specifically, that Plaintiff and/or the putative class members are entitled to penalties, injunctive relief, liquidated damages, compensatory damages, restitution, attorneys' fees, costs of suit, interest, or any other relief of any kind whatsoever, by reason of any act or omission to act on the part of Defendant or any of Defendant's agents, officers, servants, employees or representatives. Defendant also expressly denies the existence of any alleged putative class that Plaintiff purports to represent in this lawsuit.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint and without admitting or acknowledging that Defendant bears any burden of proof as to any of them, Defendant asserts the following defenses. Defendant also intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such further defenses. Defendant's designation of its defenses as "affirmative" is not intended in any way to alter Plaintiff's and/or the putative class members' burden of proof with respect to any element of the causes of action.

As separate and distinct affirmative defenses, Defendant alleges the following:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to state a claim sufficient to constitute a cause of action upon which relief can be granted.

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

2

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

## SECOND AFFIRMATIVE DEFENSE

### (No Minimum Wage Violation)

2. As a separate and distinct affirmative defense, Defendant alleges Plaintiff's and the putative class members' claims for wages are barred, in whole or in part, because Defendant paid more than the minimum wage for each and every hour worked by Plaintiffs and/or the alleged putative class members.

## THIRD AFFIRMATIVE DEFENSE

### (Minimum Wage Claims – Good Faith/Liquidated Damages)

3. As a separate and distinct affirmative defense, Defendant alleges all claims for wages are barred, in whole or in part, under Labor Code section 1194.2 because Defendant did not willfully fail to comply with the compensation provisions of the California Labor Code, or the applicable Wage Order, but rather acted in good faith and had reasonable grounds for believing it did not violate them.

## FOURTH AFFIRMATIVE DEFENSE

### (Meal Periods and Rest Breaks - Compliance)

4. As a separate and distinct affirmative defense, Defendant alleges all claims for meal periods and rest breaks are barred, in whole or in part, because Defendant provided meal periods and rest breaks in compliance with California law.

## FIFTH AFFIRMATIVE DEFENSE

### (Meal Periods and Rest Breaks – No Hindrance)

5. As a separate and distinct affirmative defense, Defendant alleges all claims for meal periods and rest breaks are barred, in whole or in part, because Defendant did nothing to prevent Plaintiff and the putative class members from taking meal periods and authorized and permitted Plaintiffs and the putative class members to take rest breaks.

## SIXTH AFFIRMATIVE DEFENSE

### (Labor Code § 226(e) – No Injury)

6. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class members are not entitled to recover any damages or penalties because, pursuant to California Labor Code section 226(e), they did not suffer any injuries as a result of any alleged violation of Labor

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Code section 226(a).

## SEVENTH AFFIRMATIVE DEFENSE

(Labor Code § 226(e) – No Willfulness)

7.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class members are not entitled to recover any damages or penalties because, pursuant to California Labor Code section 226(e), any alleged non-compliance with Labor Code section 226(a) was inadvertent and not willful.

## EIGHTH AFFIRMATIVE DEFENSE

(Labor Code §§ 201- 203 – Payment of All Wages)

8.    As a separate and distinct affirmative defense, Defendant alleges that it paid all wages due and owing at the time of Plaintiff's and the putative class members' separation from Defendant.

## NINTH AFFIRMATIVE DEFENSE

(Labor Code §§ 201- 204 – Good Faith)

9.    As a separate and distinct affirmative defense, Defendant alleges that to the extent that Plaintiff and/or the putative class members were not paid all wages at the time of their separation from Defendant, there is a good faith dispute as to any amount they claim were owed to them during employment and/or at the time of separation and Defendant did not willfully violate any provision of the Labor Code, including, without limitation, Labor Code sections 201-204.

## TENTH AFFIRMATIVE DEFENSE

(Labor Code § 2802 – No Expenditures or Losses)

10.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class members did not necessarily incur "expenditures and losses" as defined under California Labor Code section 2802 and any award of such expenditures and/or losses would unjustly enrich Plaintiffs and the alleged aggrieved employees.

## ELEVENTH AFFIRMATIVE DEFENSE

(No Basis for Attorneys' Fees and Costs)

11.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff failed to state facts sufficient to constitute a claim for which attorneys' fees and costs may be awarded.

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

4

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

12.     As a separate and distinct affirmative defense, Defendant alleges that each purported claim set forth in the Complaint is barred in whole or in part by the applicable statute(s) of limitation, including, without limitation those set forth in California Labor Code Sections 203, 1194.2 et seq., California Code of Civil Procedure Sections 338, 340, 343 et seq., and California Business and Professions Code Sections 16750.1 and 17208 et seq.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Prejudgment Interest)

13.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

14.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred in whole or in part to the extent that Plaintiff and/or the putative class members did not mitigate their damages and based upon the doctrines of waiver, estoppel, laches, and/or unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

15.     As a separate and distinct affirmative defense, Defendant alleges that all or portions of all claims are barred by the doctrine of avoidable consequences because Plaintiff and the putative class members unreasonably failed to use the preventative and corrective opportunities provided to them, and the reasonable use of those procedures would have prevented at least some, if not all, of the harm allegedly suffered.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (*De Minimis*)

16.     As a separate and affirmative defense, Defendant alleges that the Complaint and each purported claim for relief set forth therein, or some of them, are barred by the *de minimis* doctrine.

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

5

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Unnecessary Expenses Barred)

17.    Defendant alleges that the claims in the Complaint for unreimbursed business expenses fail to the extent expenses incurred were unnecessary and/or would have been otherwise incurred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Own Acts)

18.    If Plaintiff and/or putative class members he seeks to represent have suffered any harm/damages (which is expressly denied), said harm/damages was proximately caused by their own acts.

## NINETEENTH AFFIRMATIVE DEFENSE

(Substantial Compliance/Good Faith)

19.    As a separate and distinct affirmative defense, Defendant alleges that, even assuming, *arguendo*, Defendant failed to comply with any provision of the Labor Code, Defendant substantially complied with the Labor Code, thus rendering an award of civil penalties inappropriate under the circumstances.  For the same reason, should the Court find a violation of the Labor Code occurred, and such violation gives rise to potential penalties, the Court must exercise its discretion and significantly discount or eliminate any potential penalties owed by Defendant due to Defendant's good faith efforts to comply with the Labor Code and/or substantial compliance with the Labor Code.

## TWENTIETH AFFIRMATIVE DEFENSE

(Consent)

20.    As a separate and affirmative defense, Defendant alleges that the Complaint and each claim set forth therein is barred by the doctrine of consent.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Failure to Exhaust)

21.    As a separate affirmative defense, Defendant alleges that the Complaint and each claim set forth therein is barred, in whole or in part, because Plaintiff failed to properly exhaust any administrative remedies.

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

6

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Unjust Enrichment)

22.    As a separate and affirmative defense, Defendant alleges that to the extent that Plaintiff seeks multiple penalties for the same alleged violations, such claims are barred by the prohibition on double recovery and would constitute unjust enrichment, as well as result in an award that is unjust, arbitrary and oppressive, and/or confiscatory.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Not Suffered or Permitted to Work)

23.    As a separate and affirmative defense, Defendant alleges that the Complaint and each claim set forth therein, is barred, in whole or in part, to the extent that Defendant neither suffered nor permitted Plaintiffs and the putative class members to work during the times for which Plaintiffs now claims unpaid wages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Not Subject to the Control of the Employer)

24.    As a separate and affirmative defense, Defendant alleges that the Complaint and each claim set forth therein, is barred, in whole or in part, to the extent that Plaintiff and/or the putative class members were not subject to the control of Defendant during the times for which Plaintiff now claims unpaid wages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Adequate Remedy At Law)

25.    As a separate and affirmative defense, Defendant alleges that to the extent Plaintiff seeks injunctive and other equitable relief, such claims are barred because Plaintiff has an adequate remedy at law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Offset)

26.    As a separate and affirmative defense, Defendant alleges that any award must be offset by the value of any monies and/or benefits Defendant previously paid that were not owed and/or any monies paid to them, even if paid after they became initially due.

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Settlement and Release)

27.    As a separate and affirmative defense, Defendant alleges that all claims are barred, in whole or in part, on the grounds of res judicata and/or collateral estoppel, to the extent they were within any settlement and judgment which included the settlement and release of any claims pursued in the present litigation.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Arbitration Agreement and/or Class Waiver)

28.    As a separate and distinct affirmative defense, Defendant alleges that all claims are barred, in whole or in part, on the grounds and to the extent Plaintiff and/or the putative class members are subject to a valid arbitration agreement and/or class action waiver.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Not Employer)

29.    As a separate and distinct affirmative defense, Defendant alleges that all claims are barred, in whole or in part, on the grounds and to the extent Defendant is not the employer or joint employer of Plaintiff and/or the putative class action members.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Full Performance)

30.    As a separate and distinct affirmative defense, Defendant alleges, without admitting the existence of any duties or obligations alleged in the Complaint, that any such duties or obligations which were owed to Plaintiff and/or the putative class members have been fully performed, satisfied, or discharged by, inter alia, providing and making meal and rest breaks available, paying for all time worked, and paying all minimum and overtime.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Breach of Duties)

31.    As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint, and each purported cause of action therein, or some of them, are barred by Plaintiff's and/or

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

8

the putative class members' own breach of duties owed to Defendant under California Labor Code sections 2853 to 2859, to the extent they failed to use diligence and/or care in avoiding the harm alleged.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(Time Spent for Own Convenience is Not Compensable)

32. As a separate and distinct affirmative defense, the time Plaintiff and the putative class members spent performing any task for their own convenience is not compensable damages, and/or punitive damages and/or penalties would result in the imposition of excessive fines in violation of Article I, section 17 of the California Constitution and the Eighth Amendment to the United States Constitution.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Wage Statements – Injury/Not Knowing and Intentional; No Injury)

33. As a separate and distinct affirmative defense, any claims pursuant to Labor Code §§ 226 or 226.3 are barred, in whole or in part, because Plaintiff and/or the putative class members were not "injured" thereby and/or because Defendant's alleged failure to comply was not a "knowing and intentional failure" under Labor Code § 226(e).

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Waiting Time Penalties)

34. As a separate and distinct affirmative defense, all claims pursuant to or related to Labor Code § 203 are barred, in whole or in part, because or to the extent: (a) Defendant has not willfully failed to pay such additional compensation, if any is owed; (b) a good faith dispute exists as to whether wages are owed; (c) the employees secreted themselves from payment; and (d) imposing penalties in this case would be inequitable and unjust.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Bus. & Prof. Code § 17200 *et seq.* – No Violation)

35. As a separate and affirmative defense, Defendant alleges that its business practices were not "unfair," "unlawful," or "deceptive" within the meaning of California Business and Professions Code section 17200, et seq, and the Plaintiff and putative class members suffered no injury.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

9

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

36. As a separate and distinct affirmative defense, Plaintiffs, the putative class members, and/or the alleged aggrieved employees have failed to exercise reasonable care to mitigate their damages, if any were suffered, and their right to recover against Defendant should be reduced and/or eliminated by such a failure.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Class Action – Certification Prerequisites/Requirements)

37. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff cannot satisfy the requirements for a class action because of lack of predominance, numerosity, commonality, typicality, superiority, and manageability and therefore cannot represent the interest of others.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Class Action – Standing)

38. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff lacks standing to assert the legal rights or interests of others.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

(Class Action – Violation of Due Process)

39. As a separate and distinct affirmative defense, Defendant alleges that certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution. Defendant reserves the right to amend its answer upon further investigation and discovery of facts supporting this defense.

### FORTIETH AFFIRMATIVE DEFENSE

(Class Action – No Damages)

40. As a separate and distinct affirmative defense, this case cannot be tried on a representative basis or with the use of statistical sampling consistent with due process because the use of representative evidence or statistical sampling would result in damages being awarded to those who have suffered no injury and have no legal right to damages.

### ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief as to

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

10

whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief as follows:

1.      That the Court dismiss Plaintiff's Complaint in its entirety with prejudice;

2.      That the Court deny any request to certify any putative class;

3.      That Plaintiff and the putative class members take nothing by this action;

4.      That the Court enter judgment against Plaintiff and in favor of Defendant;

5.      That Plaintiff be ordered to pay Defendant's costs of suit and attorneys' fees incurred in this action, as provided by law and/or contract; and

6.      That Defendant be awarded such other and further relief as the Court deems just and proper.

Dated:  February 27, 2026

LITTLER MENDELSON, P.C.

Brooke S. Hammond
Michael R. Minguet

Attorneys for Defendant
TECHNICAL EDUCATION SERVICES, INC.

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

11

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**PROOF OF SERVICE**

I am employed in Los Angeles County, State of California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 633 West 5th Street, 63rd Floor, Los Angeles, California  90071.  On February 27, 2026, I served a copy of the following document(s):

**DEFENDANT TECHNICAL EDUCATION SERVICES, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

on interested parties as follows:

| | |
|---|---|
| James R. Hawkins, Esq.<br>Gregory Mauro, Esq.<br>Michael Calvo, Esq.<br>Lauren Falk, Esq.<br>Ava Issary, Esq.<br>JAMES HAWKINS APLC<br>9880 Research Drive, Suite 200<br>Irvine, CA 92618<br>Telephone:    (949) 387-7200<br>Facsimile:      (949) 387-6676 | *Attorney for Plaintiff*<br>*JAMES BIBB*<br><br>Emails:  James@jameshawkinsaplc.com;<br>Greg@jameshawkinsaplc.com;<br>Michael@jameshawkinsaplc.com;<br>Lauren@jameshawkinsaplc.com;<br>Ava@jameshawkinsaplc.com |

(BY U.S. MAIL) I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above or on the attached Service List and placed the envelope for collection and mailing, following Littler Mendelson's ordinary business practices. I am readily familiar with Littler Mendelson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

(BY ELECTRONIC MAIL).  COURTESY COPY.  ~~Based on a court order/rule (CCP 1010.6; CRC 2.251) or an agreement of the parties to accept service by e-mail or other electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses above or on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is vbernardo@littler.com.~~

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed February 27, 2026, at Los Angeles, California., at Los Angeles, California.

*/s/ Venus Bernardo*
Venus Bernardo

4922-4254-3506.1 / 121000.1005

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT